1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                      * * *

9    SPARKS PITA STORE #1, LLC, a Nevada          )
     Limited Liability Company, et al.,           )
10                                                 )          3:08-CV-00512-LRH-RAM
                    Plaintiffs,                    )
11                                                 )
      v.                                           )          ORDER
12                                                 )
     PITA PIT, INC., a Delaware Corporation, and  )
13   DOES I through X, inclusive,                  )
                                                   )
14                  Defendants.                    )
                                                   )
15   _____ )

16          This is a contract dispute arising out of three franchise agreements entered into by Plaintiffs

17   Sparks Pita Store #1, LLC, Carson City Pita Store #1, LLC, The Dunham Group, Pita Management

18   Group, LLC, Jerry Jones, Paul K. Dunham III, Paul K. Dunham II, and Donna R. Dunham

19   (collectively "Plaintiffs") and Defendant Pita Pit.  Defendant previously filed a "Motion to Sever

20   Improperly Joined Plaintiffs, Transfer Venue, and Dismiss Certain Causes of Action, or,

21   Alternatively, for a More Definite Statement" (#3[1]).  On August 25, 2009, this court entered an

22   order (#20) granting Defendant's motion in part and, based on the forum selection clauses in the

23   franchise agreements, dismissing the case for improper venue.

24          Defendant now moves for an award of its costs and attorneys' fees.  In doing so, Defendant

25

26
     _____
            [1]Refers to the court's docket entry number.

1  relies on the "Legal Fees" provisions of the franchise agreements.  The provisions provide,

2  
3  > [I]f it is established that the Franchisee has breached any of the terms and conditions of this Agreement, the Franchise[e] hereby agrees to pay all costs and expenses including legal fees that may be incurred or paid by the Franchisor in enforcing their rights and remedies under this Agreement.

4  

5  (Def.'s Mot. Attorneys' Fees (#22), Ex. A-2 at 42.)

6      In opposing the award of fees and costs, Plaintiffs first argue Defendant cannot seek

7  attorneys' fees under the franchise agreements before this court because "this court, having found

8  improper venue, does not have jurisdiction to determine whether [Plaintiffs'] filing in Nevada

9  constitutes a breach of the agreement."  (Pl.'s Opp. (#26) at 4.)  The court disagrees.

10     "It is well settled that a federal court may consider collateral issues after an action is no

11  longer pending." *Cooter & Gell v. Harmarx Corp.*, 496 U.S. 384, 395 (1990), *superceded in part*

12  *on other grounds*, Fed. R. Civ. P. 11.  Thus, in *Cooter*, the Supreme Court recognized, "[M]otions

13  for costs or attorney's fees are 'independent proceedings supplemental to the original proceeding

14  and not a request for a modification of the original decree. [E]ven years after the entry of judgment

15  on the merits a federal court could consider an award of counsel fees . . . .'" *Id.* (internal quotation

16  marks and citation omitted); *see also Kona Enterprises v. Estate of Bishop*, 229 F.3d 877, 887

17  (9th Cir. 2000) (citation omitted) ("Under the law of our circuit, a district court sitting in diversity

18  may award attorneys's fees to the prevailing party under applicable state law, despite a dismissal of

19  the action for lack of subject matter jurisdiction.")  Thus, the attorneys' fees dispute now before the

20  court is a collateral issue that the court may consider and resolve.

21     Plaintiffs next argue that the court should exercise its discretion and decline to award

22  Defendant's' attorneys' fees because such an award would be "both unreasonable and inequitable."

23  (Pl.'s Opp. (#26) at 5.)  In particular, Plaintiffs contend that an award of attorneys fees is

24  inappropriate because "there has been no determination as to the merits of the significant

25  substantive claims raised by the pleadings . . . and also because the underlying allegations

26

1   demonstrate [Defendant] participated in the necessity of the filing of this suit." (*Id.*)

2          "[A] court [can] refuse to enforce a contractual attorney's fees provision if an award of fees

3   would be 'inequitable and unreasonable.'" *Anderson v. Melwani*, 179 F.3d 763, 766 (9th Cir. 1999)

4   (*quoting United States v. Mountain States Const. Co.*, 588 F.2d 259, 263 (9th Cir. 1978)); *see also*

5   *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 898) (2d. Cir. 1983) (noting that a non-prevailing

6   party can nonetheless recover attorneys' fees where the claims asserted are "entirely without color

7   and have been asserted wantonly, for purposes of harassment or delay, or for other improper

8   reasons.")  However, the court's discretion is not unlimited, and the court "abuses its discretion if it

9   awards contractually-authorized attorney's fees under circumstances that make the award

10  inequitable or unreasonable or fails to award such fees in a situation where inequity will not result."

11  *Anderson*, 179 F.3d at 766 (citation omitted).

12         Plaintiffs have failed to demonstrate that enforcement of the attorneys' fees provisions

13  would be inequitable and unreasonable.  Plaintiffs' first argument essentially goes to whether

14  Defendant is the prevailing party, which the court will discuss below.  As to Plaintiffs' second

15  argument, the misconduct for which Plaintiffs fault Defendant goes to the heart of this dispute.  At

16  this time, Plaintiffs have not established that Defendant's conduct was so inequitable or

17  unreasonable that the court should refuse to enforce the attorneys' fees provisions.

18         Finally, Plaintiffs argue Defendant is not the prevailing party, and, as such, Defendant is not

19  entitled to attorneys' fees at this time.  The parties agree that the law of New York and Idaho govern

20  the award of attorneys' fees here.  *See MRO Communications, Inc. v. Am. Tel & Tel. Co.*, 197 F.3d

21  1276, 1282 (9th Cir. 1999) (citation omitted) ("In an action involving state law claims, we apply the

22  law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts

23  with a valid federal statute or procedural rule.")

24         Under New York law, a party generally may recover attorneys' fees where (1) a contract,

25  statute, or court rule authorizes the award of such fees and (2) the party seeking such fees is the

26
                                                    3

1   prevailing party.  *See Nestor v. McDowell*, 615 N.E.2d 991, 994 (N.Y. 1993) (citations omitted);

2   *A.G. Ship Maint. Corp v. Lezak*, 503 N.E.2d 681, 683 (N.Y. 1986) (citations omitted).  To

3   determine whether a party is the prevailing party, the court considers whether the party has

4   prevailed with respect to the central relief sought.  *See Nestor*, 615 N.E.2d at 994.

5        Here, the court is not persuaded that Defendant is the prevailing party.  The central relief

6   sought in this dispute is a determination of whether Defendant breached the franchise agreements.

7   Although Defendant succeeded in having the case transferred to a different forum, Defendant's

8   success was limited, and the court's order did not reach the merits of the dispute.  As such, the court

9   finds that Defendant is not the prevailing party under New York law, and the court will deny

10   Defendant's request for attorneys' fees.

11        In Idaho, "Attorney fees, when allowable by statute or contract, shall be deemed as costs in

12   an action and processed in the same manner as costs . . . ."  Idaho R. Civ. P. 54(e)(5).  Idaho Rule of

13   Civil Procedure 54(d)(1) provides, "Except when otherwise limited by these rules, costs shall be

14   allowed as a matter of right to the prevailing party or parties, unless otherwise ordered by the court."

15   Idaho R. Civ. P. 54(d)(1)(A).  In determining which party is the prevailing party, Rule 54(d)(1)

16   directs the court to consider the "final judgment or result of the action in relation to the relief sought

17   by the respective parties."  Idaho R. Civ. P. 54(d)(1)(B).

18        Generally, there is no prevailing party unless the merits of the lawsuit have been decided and

19   there is a final judgment.  *Straub v. Smith*, 175 P.3d 754, 761 (Idaho 2008) (citations omitted)

20   (Jones, J., Horton, J., Eismann, J., concurring).  Thus, "[m]ere dismissal of a claim without a trial

21   does not necessarily mean that the party against whom the claim was made is a prevailing party for

22   the purpose of awarding costs and fees.  Dismissal of a claim may be but one of many factors to

23   consider."  *Chenery v. Agri-Lines Corp.*, 682 P.2d 640, 646 (Idaho Ct. App. 1984).

24        Here, the court's dismissal of this case without prejudice was by no means the most

25   favorable outcome Defendant could have received.  *See Straub*, 175 P.3d at 759 (citation omitted).

26

4

1   There has been no final judgment or final adjudication of Plaintiffs' claims.  Indeed, the court

2   dismissed the case without prejudice to enable Plaintiffs to assert their claims in the appropriate

3   forums.  Under these circumstances, Defendant is not the prevailing party and an award of

4   attorneys' fees is not appropriate.

5          The court understands Defendant's frustration with having to incur unnecessary expenses

6   where the franchise agreements dictate the forums in which Plaintiffs should have filed suit.

7   Nonetheless, under New York and Idaho law, the court may award attorneys' fees only where a

8   party has achieved success with respect to the central relief sought.   At this time, Defendant cannot

9   satisfy this standard.  Accordingly, the court will deny Defendant's request for attorneys' fees.

10          IT IS THEREFORE ORDERED that Defendant's Motion for Attorneys' Fees and Costs

11   (#22) is DENIED.

12          IT IS SO ORDERED.

13          DATED this 13th day of January, 2010.

14

15                                                    _____

16                                                    LARRY R. HICKS
                                                      UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26